EDWARD BAYARD et al., Appellants, v. GEORGE J. LEE, Respondent.— In this action by plaintiff Anna Bayard to recover damages for personal injuries and by her husband to recover damages for injuries to person and property, for loss of services, and medical expenses incurred by reason of his wife's injuries, plaintiffs appeal from an order striking out certain portions of the complaint and granting leave to serve an amended complaint in which they may plead that they were guests for hire without mention of insurance. Order affirmed, without costs. The complaint alleges that the parties agreed that plaintiffs were to be transported by defendant, in his car, to the west coast and return; that plaintiffs were to pay all operating and tourist expenses; and that the accident, which happened in the State of Iowa, was due to defendant's negligence. The portions of the complaint struck out allege that, in addition, the agreement provided that plaintiffs were to pay the premium for an insurance policy, to

be obtained by defendant, providing for medical payments, public liability and property damage, and that plaintiffs made such payment. From the briefs on this appeal it appears that under the law of Iowa recovery may be had by a "guest" against the owner or operator of a car only if the latter has been guilty of drunken driving or gross negligence, and that the payment of travel expenses alone is not sufficient to take a plaintiff out of the "guest" classification. Plaintiffs assert, and defendant denies, that payment of additional consideration, in this case the insurance premium, is enough to do so. Assuming that plaintiffs' contention concerning the Iowa law on the subject is correct, it is their claim that the order prevents them from establishing the basis of their cause of action. The order does not prejudice plaintiffs or affect any substantial right, for it does not require them to plead that they were "guests for hire" in those precise words but, simply, to plead to that effect. Therefore, plaintiffs have complete latitude to plead in support thereof, as they may be advised, all the relevant facts, including the pertinent foreign law. Even without the specific mention of insurance in the complaint, proof of plaintiffs' payment of the insurance premium may be received on the trial if the foreign law be found applicable and if such proof be material to the issue of defendant's liability under the foreign law. Nolan, P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.